IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS D. YOUNG,

      Plaintiff,

vs.

OFFICER JEFFERIES, et al.,

      Defendants.

_____/

No. 2:12-cv-2673 EFB P

ORDER GRANTING IFP, AND SCREENING ORDER DISMISSING DEFENDANT JEFFERIES

Plaintiff is a state inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.     Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

////

////

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.   Screening Order

The court has reviewed plaintiff's complaint (Dckt. No. 1) and for the limited purposes of § 1915A screening and liberally construed, finds that it states a cognizable Eighth Amendment excessive force claim against defendant Sandoval. *See* Dckt. No. 1 (alleging that defendant Sandoval shot plaintiff in the head twice with a "40mm block gun," when plaintiff posed no threat, and for the very purpose of harming plaintiff). Though plaintiff purports to state additional claims against defendant Jefferies, his allegations fail under the applicable legal standards.

Plaintiff purports to state a First Amendment retaliation claim against defendant Jefferies based on allegations that she made false statements, later documented in a report, claiming that plaintiff was both a sexist and racist, after plaintiff filed an administrative appeal against her. Plaintiff alleges that defendant Sandoval's "deliberate retaliatory intent" was "brought on by [the] false malicious reports spread by defendant Jefferies." Dckt. No. 1, ¶ 10.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a

plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4.

Plaintiff fails to state a claim under the First Amendment for retaliation. First, plaintiff fails to plead facts demonstrating that Jefferies "spread false lies" *because of* plaintiff's protected conduct. The bare allegation that Jefferies' comments were made after plaintiff filed an administrative appeal is not sufficient to demonstrate that Jefferies' acted with a retaliatory intent. Second, there is no indication that Jefferies' false report would have "chill[ed] or silence[d] a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568-69. Third, plaintiff fails to allege plausible facts demonstrating that defendant Jefferies' lies caused plaintiff any harm. Thus, it is unclear how the alleged lies constitute an "adverse action" for purposes of a retaliation claim. Though plaintiff suggests that it was Jefferies' lies that brought on the allegedly unconstitutional conduct of defendant Sandoval, that allegation does not sufficiently link defendant Jefferies to a violation of plaintiff's federal rights. Moreover, plaintiff's allegations against Jefferies appear to be improperly joined with his claim against defendant Sandoval, as they involve discrete events that do not arise out the same occurrence *and* involve a common question of law or fact.[1] *See* Fed. R. Civ. P. 20(a)(2). If

---

[1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims

plaintiff can correct these defects in his claim against Jefferies, he may do so by filing an amended complaint.

Additionally, plaintiff fails to allege cognizable claims based on state tort law, such as assault, battery, or negligence, because he fails to allege compliance with the California Torts Claims Act ("GCA")[2], which requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.[3]  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007).  Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  *Id.*  The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Thus, plaintiff's state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

Thus, plaintiff may proceed with his Eighth Amendment claim against defendant Sandoval, or he may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

---

against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[2] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act."  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

[3] Plaintiff also fails to plead any facts sufficient to state such a state tort claim against defendant Jefferies.

5

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If plaintiff chooses to proceed only on his Eighth Amendment claim against defendant Sandoval, as identified herein, the court will construe plaintiff's election as his voluntary dismissal of his claims against defendant Jefferies, without prejudice.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment excessive force claim against defendant Sandoval. *See* 28 U.S.C. § 1915A.

4. Defendant Jefferies is dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the October 29, 2012 complaint, one USM-285 form and instructions for service of process on defendant Sandoval.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint.  The court will transmit them to the

1  United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil
2  Procedure. Defendant Sandoval will be required to respond to plaintiff's allegations within the
3  deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court
4  will construe plaintiff's election to proceed forthwith as his voluntary dismissal of defendant
5  Jefferies, without prejudice.
6        6. Failure to comply with this order may result in this action being dismissed.
7  Dated: May 8, 2013.

                                          EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS D. YOUNG,

      Plaintiff,                 No. 2:12-cv-2673 EFB P

    vs.

OFFICER JEFFERIES, et al.

      Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

                            /

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____   proceed only against defendant Sandoval, consent to the dismissal of defendant Jefferies, and submits the following documents:

           1        completed summons form

           1        completed forms USM-285

           2        copies of the endorsed October 29, 2012 complaint

**OR**

    (2) _____   delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                                Plaintiff