UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER SANDOVAL,<br><br>　　　　　Defendant. | No. 2:12-cv-02673-KJM-EFB<br><br><br>ORDER |

　　　　　This matter is before the court on defendant Officer Sandoval's ("defendant") motion for reconsideration of the magistrate judge's order on plaintiff Thomas Young's ("plaintiff") motion to compel.  ECF No. 35.  Defendant's motion was considered without argument, *see* L.R. 303(e), and the court now DENIES the motion.

I.　　PROCEDURAL HISTORY

　　　　　On November 14, 2013, the court issued a discovery and scheduling order that provided in part any motions to compel discovery shall be filed by February 20, 2014.  ECF No. 20 at 4.

　　　　　On March 10, 2014,[1] nearly three weeks after the motion to compel deadline, plaintiff filed a document styled as a "request for extension of time for motion for an [order]

---

[1] Where applicable, the dates used for plaintiff's filings are determined in light of the prisoner mailbox rule.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

compelling discovery." ECF No. 26. In his filing, plaintiff requests "an extension of time for an Order Compelling Discovery," stating he "attempted to resolve this dispute without help from the court, but now time is running out." *Id.* at 1. Plaintiff further states, "[p]laintiff move [sic] this Court for an Order pursuant to Rule 37 (a) of the Federal Rules of Civil Procedure Compelling Defendant Sandoval to produce for inspection and copying the following documents . . . ." *Id.* Plaintiff then lists the four documents he seeks in discovery and includes defendant's response to each request for production. *Id.* at 2–3. Finally, plaintiff argues in support of an order compelling the documents, reasoning in part "[p]rison official can not [sic] avoid Discovery of relevant information merely by claiming it is confidential . . . ." *Id.* at 3 (quotations and citation omitted).

On April 24, 2014, plaintiff filed a request for time for further discovery. ECF No. 29. Plaintiff sought additional time to file "necessary Discovery Motions" related to plaintiff's April 4, 2014 motion for summary judgment. *Id.* Defendant opposed the request on April 29, 2014, arguing the request is untimely and "not supported by a showing of good cause . . . ." ECF No. 30 at 1. Defendant noted plaintiff's March 10, 2014 request but did not otherwise oppose either the request for extension of time or the motion to compel. *Id.* at 2.

On July 1, 2014, the magistrate judge assigned to this action issued an order granting plaintiff's March 10, 2014 motion to compel. ECF No. 33. The magistrate judge first found good cause to extend the February 20, 2014 deadline for filing a motion to compel, reasoning "the scheduling order afforded plaintiff little time to pursue discovery . . . in light of plaintiff's incarceration and lack of access to legal resources." *Id.* at 2. The magistrate judge then addressed plaintiff's motion to compel and ordered defendant to provide plaintiff amended responses to three of the four requests. *Id.* at 3–4.

On July 15, 2014, defendant filed the instant request for reconsideration. ECF No. 35. Defendant argues the magistrate judge's order on plaintiff's motion to compel "exceeds the scope of relief requested by Plaintiff, and denies Defendant an opportunity to file an Opposition to this Motion on the merits." *Id.* at 1. Defendant argues plaintiff's request "clearly sought only a modification of the Scheduling Order in order to allow Plaintiff to file a Motion to Compel after

2

the deadline previously set by the Court." *Id.* at 2. Defendant avers request number two fails to reproduce defendant's response in its entirety and defendant was therefore "not reasonably on notice that the [request] would be considered as a Motion to Compel." *Id.*

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* L.R. 303(f); 28 U.S.C. § 636(b)(1)(A). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1, 3 (E.D. Cal. Mar. 23, 2011) (citation omitted). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

III.    DISCUSSION AND ORDER

While defendant argues he was not reasonably on notice that the request would be construed as a motion to compel, this argument is unavailing.

First, with regard to defendant's argument that plaintiff's request "clearly sought only a modification of the Scheduling Order," ECF No. 35 at 2, plaintiff's request states that "[p]laintiff move [sic] this Court for an Order . . . Compelling Defendant Sandoval to produce for

inspection and copying" four separate requests. ECF No. 26 at 1. Following this explanation, plaintiff then lists each request, defendant's responses and concludes with an argument in favor of production because defendant's objections are without merit. *Id.* at 3–4. Considering the entirety of plaintiff's request, the court cannot find he sought only a modification of the scheduling order. Rather, plaintiff sought an extension of time to file a motion to compel and separately an order compelling production of certain documents.

Second, defendant argues request number two did not feature defendant's response in its entirety and therefore failed to put defendant on notice as to the relief sought. ECF No. 35 at 2. However, plaintiff states in request number two defendant's response is the same as the response to request number one, which is listed on the same page directly above request number two. ECF No. 26 at 2. That plaintiff did not retype the entire response is not a sufficient basis for finding the request failed to put defendant on notice.

Accordingly, the magistrate judge's order addressing plaintiff's motion to compel was not clearly erroneous such that this court "'is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods.*, 508 U.S. at 622 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395); *see also Thomas v. Beutler*, No. 2:10–cv–01300–MCE–CKD, 2013 WL 594458 (E.D. Cal. Feb. 14, 2013) (explaining "[i]f the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse . . . ." (citing *Phx. Eng'g & Supply Inc. v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir. 1997))).

For the foregoing reasons, defendant's motion for reconsideration, ECF No. 35, is DENIED.

IT IS SO ORDERED.

DATED: September 10, 2014.

UNITED STATES DISTRICT JUDGE