UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. YOUNG, | No. 2:12-cv-2673-KJM-EFB P |
| Plaintiff, | |
| v. | |
| OFFICER SANDOVAL, | ORDER |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously granted his motion for an order compelling discovery, ECF No. 26, and ordered the defendant to provide amended responses to plaintiff's requests for production. ECF No. 33. The order directed defendant to amend his responses to plaintiff's requests for (1) documents relating to CDC's Zone-1 Policy, (2) plaintiff's central file and disciplinary reports, and (3) defendant's shooting range score records and shooting training. *Id.* The district judge subsequently denied defendant's motion for reconsideration of the discovery order. ECF No. 38.

The parties now dispute whether defendant has complied with the discovery order. The defendant filed a document entitled "Notice of Compliance With Discovery Orders," ECF No. 39, to which plaintiff responded, arguing in essence that the order has been violated. ECF No. 40 at

/////

1

1.[1]  Plaintiff contends that the defendant's amended response to the request for documents relating to CDC's Zone-1 Policy consists only of a half-page explanation and is therefore "incomplete and does not disclose any detailed information."[2] *Id*. As to the request for his central file and disciplinary reports, plaintiff claims that defendant has failed to produce copies of the documents or provide plaintiff the opportunity to review and make copies of them. *Id.* at 2. According to plaintiff, defendant "only amends in words, that there's no disciplinary history that exist[s] . . . ." *Id.* Defendant has not submitted a reply responding to those contentions.

As to defendant's shooting range score records and shooting training, plaintiff contends that defendant has not produced "what [if any] prior history or Training with firearms; his shooting score or ability; any prior [if any] Military Firearm Training; or any documentation describing his shooting ability or proficiency other than the fact that he, he did in fact, attend the CDC Shooting Range quite frequent[ly]." *Id.* However, defendant's amended response appears to have included five pages of records that indicate the mandatory training that defendant received between December 22, 2008 and May 10, 2012. *See id.* at 6-10 (indicating defendant completed courses in "Use of Force," "Less than Lethal Weapons," "Firearms/Shooting Policy," and "Range-Quarterly").

I.  **APPLICABLE LAW**

Rule 26(e)(1)(B) provides that a party must supplement responses to requests for production if ordered by the court. Here, the court ordered defendant to supplement his responses to plaintiff's requests for production. *See* ECF Nos. 33, 38; *see also* ECF No. 39 (claiming compliance "with the Court's Orders by serving Plaintiff with Amended Responses to Request for Production of Documents").

Under Rule 37(c)(1), a party that fails to provide the information "required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a

---

[1]  For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

[2]  Plaintiff submitted to the court the defendant's amended response—apparently in its entirety. *See id.* at 4

2

hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden of showing that the failure to disclose was substantially justified or harmless lies with the party facing sanctions. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Additionally, Rule 37(c)(1) provides that the court, "on motion and after giving an opportunity to be heard," may impose other appropriate sanctions. District courts have great discretion in deciding whether to impose sanctions under Rule 37(c)(1). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[A]lthough we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)").

**II.    ANALYSIS**

The absence of any response to the plaintiff's specific allegations that defendant has not complied with the court's discovery order is troubling. If plaintiff's "Response" accurately describes defendant's amended responses, defendant appears to have not complied with the order. First, defendant's previous assertions—for example, that plaintiff's request was overbroad and sought confidential material that could pose a threat to institutional safety if revealed—suggests that defendant likely has more documents on the CDC's Zone-1 Policy than the half-page that he submitted to plaintiff. *See* ECF No. 33 at 2 (overruling defendant's objection that the discovery request for those documents was vague, ambiguous, overbroad, and sought confidential material that could pose a threat to institutional safety). If defendant maintains that the half-page is the only responsive document that exists, he must submit a signed verification of that fact, and the verification must be signed by an individual having personal knowledge of the fact(s).

Further, plaintiff's assertion that he has not been provided copies of documents from his central file and any disciplinary reports warrants a verified response. Notwithstanding the court's order to produce the documents, plaintiff claims he has neither been provided those documents nor given the opportunity to review and copy redacted versions of them—an alternative that the court presented in the discovery order. If those representations are true, the defense has complied with the order.

3

Plaintiff also requested "shooting range records and all related shooting training documents." ECF No. 33 at 3. Defendant's amended response appears to comply with the request for "shooting training documents," but not the request for "shooting range records."

Thus, if plaintiff's allegations are correct, defendant has not fully complied with the court's discovery order. Accordingly, defendant is ordered to respond to plaintiff's allegations (*see* ECF No. 40) within seven days of the filing of this order.

If the court determines that the order was violated, the court may impose sanctions for defendant's noncompliance under Rule 37(b)(2), absent a showing by defendant that either he did comply with the discovery order or any failure to comply was both inadvertent and harmless. Defendant's response shall address whether any sanction under Rule 37(b)(2) is appropriate.

**III.   ORDER**

Defendant is hereby ordered to respond to plaintiff's allegation that defendant has not complied with the court's discovery order. If defendant concedes that he did not comply with the order, he must (1) amend his responses to plaintiff's requests for production of documents and (2) explain to the court why sanctions should not be imposed pursuant to Rule 37(b)(2). If defendant maintains that he did comply with the discovery order because all responsive documents have been produced, he must submit a verified response that clearly so states and the verification shall be by an individual having personal knowledge of that fact.

DATED: January 15, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE