1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   THOMAS D. YOUNG,                          No.  2:12-cv-2673-KJM-EFB P
12              Plaintiff,
13        v.
14   OFFICER SANDOVAL,                          ORDER
15              Defendant.
16

17        The court plaintiff previously granted plaintiff's motion to compel discovery and ordered

18   defendant to provide amended responses to three of plaintiff's requests for production.[1]  ECF No.

19   33; *see also* ECF No. 38 (denying defendant's motion for reconsideration).  Defendant

20   subsequently filed a notice of compliance with that order.  ECF No. 39.  Plaintiff disputed that

21   representation and alleged that defendant had not complied.  ECF No 40.  The court ordered a

22   response by defendant, ECF No. 42, which has been submitted, ECF No. 44.  Additionally,

23   plaintiff has filed a "Motion to Amend" his discovery motion to clarify that he is seeking

24   defendant's personnel records.  ECF No. 45.  Each is addressed below.

25        Finally, the court reconsiders and grants plaintiff's earlier request for appointment of

26   counsel, ECF No. 22.

27   _____

28   [1] This is an action brought under 42 U.S.C. § 1983 by a state prisoner who is proceeding
     without counsel.

                                            1

1  **I.  Compliance with the July 1, 2014 Order**

2         Plaintiff is mistaken in his claim that defendant has not complied with the earlier

3  discovery order.  The court directed defendant to provide amended responses to plaintiff's

4  requests for (1) documents related to CDCR's Zone-1 Policy, (2) "central file and all documents

5  related to disciplinary reports of the defendant," and (3) "[s]hooting range score records and all

6  related Shooting Training Documents."  ECF No. 33 at 2-3.

7         Defendant has since located and provided to plaintiff one additional document related to

8  the CDCR's Zone-1 Policy.  ECF No. 44 at 1.  Additionally, defendant has submitted to the court

9  the declaration of D. Rosensteel which certifies that plaintiff has been provided all documents

10 related to the Zone-1 Policy.  ECF No. 44-1, Ex. E.  Thus, this part of the order has been satisfied.

11        The order also directed an amended response to the request for "central file and all

12 documents related to disciplinary reports of the defendant."  ECF No. 33 at 3.  Plaintiff's request

13 for the "central file" was interpreted by the court as a request for *plaintiff's* central file.[2]  *Id.*

14 Defendant has submitted to the court the declaration of D. Chance, which states that plaintiff has

15 been informed of his right to access and obtain copies of the non-confidential portions of

16 plaintiff's central file.  ECF No. 44-1, Ex. D.  Thus, it appears that this part of the order has been

17 satisfied.

18        As discussed below, plaintiff has clarified that his request is for the defendant's personnel

19 records, not plaintiff's central file.  Defendant has submitted the declaration of C. Siegler states

20 that there are no records "indicating that [defendant] had been disciplined at CSP-Sacramento."

21 ECF No. 44-1, Ex. C.  That declaration and plaintiff's clarification that he is seeking defendant's

22 records are addressed below regarding plaintiff's "motion to amend."

23        Finally, the order directed defendant to provide plaintiff with shooting range score records

24 and all related shooting training documents.  ECF No. 33 at 3.  Defendant has provided a

25 verification that "there are no records concerning shooting range scores and shooting training,

26
         [2] In overruling defendant's vagueness objection to the request, the court stated:  "If the
27 words 'central file' could be read to mean anything other than the department's records relevant
   to the plaintiff, defendant has failed to explain how."  ECF No. 33 at 3.  Understandably, the
28 defendant responded based on that reading of the request.

1    other than what has been produced . . . ."  ECF No. 47 at 1; *see also* ECF No. 44-1, Ex. E

2    (declaring that D. Rosensteel "searched the records at CSP-Sac concerning shooting range records

3    and shooting training records regarding [defendant], and these records do not exist").  Thus, that

4    part of the order has been satisfied.

5         In short, although plaintiff has now clarified that he wants records from the defendant's

6    personnel file, there appears to be no basis for the contention that defendant has not complied

7    with the court's order.  The defendant has complied with the July 1, 2014 order.

8    **II. Plaintiff's Motion to Amend His Discovery Motion**

9         Plaintiff seeks to amend his motion to compel to clarify that he is requesting production of

10   the defendant's "central file" not his own.  ECF No. 45 at 1.  As noted, the court interpreted

11   plaintiff's use of the words "central file" in his discovery request as a request for his central file at

12   the prison.  *See* ECF No. 33 at 3.  Plaintiff clarifies that he wants the defendant's personnel

13   records.[3]  He also points out that defendant's own filings show that defendant understood that

14   plaintiff was actually seeking defendant's records.  *See, e.g.,* ECF No. 44-1, Ex. B ("To the extent

15   that his request includes personnel files of Defendant . . . .");  ECF No. 47 at 3 ("Acting on the

16   assumption that [plaintiff] actually was seeking [defendant's] personnel file . . . .").

17        Defendant opposes the production of his personnel file because it allegedly contains

18   documents that are privileged and protected by a right of privacy.  Contrary to defendant's

19   suggestion, documents that are a part of the personnel records of officers defending civil rights

20   actions—even documents containing sensitive information—are not categorically exempt from

21   the scope of discovery.  *See Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995);

22   *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); *Miller v. Pancucci*, 141

23   F.R.D. 292, 296 (C.D. Cal. 1992).  Rather, federal courts engage in a balancing test to determine

24   whether "the burdens of the requests outweigh[ ] their potential benefits" by considering (1) the

25

26        [3] "Central file" is a reference typically used to refer to an inmate's file.  Although plaintiff
     could have been more specific—or used "personnel file" instead of "central file"—his argument
27   does not require an unreasonable reading of his request for production.  *See* ECF No. 26 at 2
     ("REQUEST FOR PRODUCTION:  Central File and all documents related to disciplinary reports
28   of the defendant.").

1    "relevancy" of the moving party's discovery requests within the scope of Rule 26, and (2) the

2    responding party's objections, if they are "clearly articulated" to show why discovery should not

3    be allowed.  *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987); *Blankenship v.*

4    *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Gerawan Farming, Inc. v. Prima Bella Produce,*

5    *Inc.*, 1:10–CV–00148 LJO, 2011 WL 2518948 (E.D. Cal. June 23, 2011).  Here, the requested

6    disciplinary records as to the defendant are relevant.  Moreover, defendant has not provided a

7    privilege log or any supporting argument for the blanket assertion of privilege.  *See* Fed. R. Civ.

8    P. 26(b)(5).  Further, defendant's concerns relating to privacy and security—such as disclosure of

9    defendant's social security number, home address, names of dependents, and employment

10   benefits, or other sensitive information, ECF No. 47 at 4—can be addressed through redaction of

11   the relevant documents.

12          Of course, plaintiff's entitlement to information from defendant's official personnel

13   records, is not unlimited.  Plaintiff has not narrowed the scope of his request in either time or

14   subject matter, and the request is therefore overly broad.  Accordingly, the motion for an order to

15   produce the entirety of defendant's personnel records is denied.  However, the motion is granted

16   as to documents pertaining to complaints, investigations, and disciplinary actions taken against

17   defendant while defendant was employed by CDCR for alleged conduct that is similar to that

18   alleged in plaintiff's complaint (i.e., excessive force).  *See, e.g., Haney v. Woods*, No. 2:11-cv-

19   2196 JAM EFB P, 2013 WL 870665, at *2 (E.D. Cal. Mar. 7, 2013) (explaining that a similar

20   request for discovery was reasonably calculated to lead to admissible evidence in support of

21   plaintiff's claims).  Defendant shall either produce any such records, or provide a proper

22   verification that no such records exist.[4]

23   _____

24          [4] Defendant's response to the discovery request states that a reasonable inquiry and
     diligent search was conducted and it was learned that there are no such documents because "the
25   responding party [defendant] has not been disciplined by CDCR."  ECF No. 44-1 at 12.  The
     response is signed by counsel but does not include a verification by the person or persons who
26   conducted the search.
            Defendant also represents to the court in his reply "that there are no records indicating that
27   Defendant had been disciplined by CDCR."  ECF No. 44 at 1.  While that representation may be
     true it, too, is not verified by the person or persons with personal knowledge as to the search
28   conducted or the facts revealed.  Further, the declaration attached to defendant's reply states only

**III. Appointment of Counsel**

The court previously denied plaintiff's motion for the appointment of counsel. *See* ECF No. 24. The court sua sponte reconsiders and grants the motion.

**IV.   CONCLUSION**

Accordingly, it is hereby ORDERED that:

1. The court finds that defendant has complied with the July 1, 2014 discovery order.

2. Plaintiff's request to amend (ECF No. 45) his discovery motion is granted.

3. Plaintiff's amended motion to compel is granted in part and denied in part. The request to compel production of the entirety of defendant's personnel records is denied. The request to compel production of information bearing on any allegations or discipline of defendant for excessive force is granted. Within 21 days of the date of this order, defendant shall either produce relevant documents, including documents from personnel files, concerning any complaints, investigations and disciplinary actions while defendant was employed by CDCR, for alleged conduct that is similar to that alleged in plaintiff's complaint (i.e., excessive force), or provide a properly verified response that no such records exist.

4. The February 4, 2014 order denying plaintiff's motion for the appointment of counsel (ECF No. 24) is reconsidered and, upon reconsideration, plaintiff's request for the appointment of counsel (ECF No. 22) is granted. The case is referred to Sujean Park, the court's pro bono coordinator.

DATED: April 28, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

that there are no records indicating defendant has been "disciplined in the course of his duties at CSP-Sacramento." ECF No. 44-1 at Ex. C. Thus, as written, the declaration is not fully responsive and neither it nor the discovery response is sufficient to serve as a verified response.